IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| DUANE W. PARTON,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>Defendant. | CV 12-65-BLG-CSO<br><br><u>ORDER ON<br>SUMMARY JUDGMENT<br>MOTIONS</u> |
|---|---|

Plaintiff Duane W. Parton ("Parton") seeks judicial review of Defendant Commissioner of Social Security's ("Commissioner") decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383(c). After the parties consented in writing, by Notice filed September 13, 2012, this case was assigned to the undersigned for all proceedings. *Notice of Assignment (Dkt. 14)*.

Now pending are the parties' cross-motions for summary

judgment. *Dkts. 15* (Parton's motion) and *20* (Commissioner's motion). For the reasons stated below, the Court denies Parton's motion, grants the Commissioner's motion, and affirms the ALJ's decision denying benefits.

I.   **PROCEDURAL BACKGROUND**

Parton filed his benefits applications in December 2008 alleging that he has been unable to work since November 27, 2008, because of seizures. *Tr. 141-56*. The Social Security Administration ("SSA") denied Parton's applications initially and upon reconsideration. *Tr. 88-95, 100-04*. On November 24, 2009, an Administrative Law Judge ("ALJ") held a hearing. *Tr. 37-87*. On August 25, 2010, the ALJ issued a written decision denying Parton's claims. *Tr. 24-32*. On March 26, 2012, after the Appeals Council denied Parton's request for review, the ALJ's decision became final for purposes of judicial review. *Tr. 1-5*; 20 C.F.R. §§ 404.981, 416.1481 (2012). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

II.  **STANDARD OF REVIEW**

This Court's review is limited. The Court may set aside the

Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Id*. (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005) (internal quotation marks omitted)). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citation omitted).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and cannot affirm the ALJ "by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation omitted). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

## III. BURDEN OF PROOF

A claimant is disabled for purposes of the Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

1. The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2. If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*

3. The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4. If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here. *Id.* "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step." *Id.* at 1098-99.

5. If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If an adjustment to other work is possible then the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform. *Id.* The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-

Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Id*. If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits. *Id*.

IV. **THE ALJ's OPINION**

The ALJ followed the five-step sequential evaluation process in considering Parton's claims. First, the ALJ found that Parton had not engaged in substantial gainful activity since his alleged onset date of November 27, 2008. *Tr. 26*.

Second, the ALJ found that Parton has the following severe impairments: "seizures and a history of syncope[.]"[1] *Id*.

Third, the ALJ found that Parton does not have an impairment or a combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. *Tr. 26-27*.

Fourth, the ALJ found that Parton has the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels, but he is unable to operate motor vehicles, equipment and other

---

[1]Syncope is described as: "A brief loss of consciousness; a faint; a sudden loss of consciousness lasting seconds or, at most, minutes, and from which a person awakes alert and aware of surroundings[.]" ATTORNEY'S ILLUSTRATED MEDICAL DICTIONARY at 591 (West 1997).

moving machinery, and work at heights and in other potentially hazardous settings." *Tr. 27*. The ALJ also found that Parton is unable to perform his past relevant work as a truck driver because he is unable to operate a motor vehicle. *Tr. 30*.

Fifth, although the ALJ found that Parton had the ability to perform a full range of work at all exertional levels, he also found Parton's ability "compromised by nonexertional limitations." *Tr. 31*. Thus, the ALJ accepted testimony from a vocational expert, who testified that, even with his limitations, Parton could perform the requirements of representative occupations such as toll collector, garment sorter, officer helper, survey worker, photo copy machine operator, and surveillance system monitor. The vocational expert also testified that all of these occupations exist in both the regional and national economies in numbers that the ALJ found to be significant. *Id*. Thus, the ALJ found that Parton was not disabled. *Tr. 31-32*.

V. **PARTIES' ARGUMENTS**

Parton argues that the ALJ erred in three principal ways: (1) by improperly rejecting the opinion of Parton's treating physician, Dr.

William C. Anderson, M.D., *Parton's Br. in Support of Mtn. (Dkt. 17) at 2-4*; (2) by failing to support with substantial evidence his RFC assessment of Parton, *id. at 4-5*; and (3) by improperly determining that Parton's subjective complaints are not credible, *id. at 5-8*.

In response, the Commissioner argues that the ALJ: (1) properly rejected Dr. Anderson's opinion by providing specific and legitimate reasons supported by substantial evidence in the record, *Deft's Resp. Br. (Dkt. 21) at 7-9*; (2) properly evaluated Parton's credibility, *id. at 4-7*; and (3) based his findings on substantial evidence of record, *id. at 3-10*.

## VI. <u>DISCUSSION</u>

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error. The Court is not permitted to re-weigh the evidence.

For the reasons set forth below, and applying controlling Ninth Circuit authority, the Court finds that the Commissioner's decision is based on substantial evidence in the record, and is free of legal error. Thus, the Court will affirm the ALJ's decision.

## A. ALJ's Consideration of Evidence

In evaluating Parton's claims, the ALJ was required to "make fairly detailed findings in support" of his decision "to permit courts to review those decisions intelligently." *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984) (citation omitted). In doing so, an "ALJ does not need to discuss every piece of evidence" and "is not required to discuss evidence that is neither significant nor probative[.]" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotations and citations omitted).

Here, the ALJ issued a detailed decision. *Tr. 24-32*. He reviewed, as discussed further below, his rationale for rejecting certain evidence in his assessment of Parton's medical records, credibility, and RFC. *Tr. at 27-30*. He also set forth the evidence – which the Court concludes is substantial – that informed and supported his conclusion with respect to Parton's claims for disability benefits. *Id*. For these reasons, and for those reasons discussed below, the Court finds unpersuasive Parton's argument that the ALJ failed to base his decision on substantial evidence.

### B. ALJ's Assessment of Dr. Anderson's Opinion

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons. [The Ninth Circuit Court of Appeals has] also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions. Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted).

Having reviewed the record and the parties' arguments, the Court concludes, for the following reasons, that the ALJ did not err in considering Dr. Anderson's opinion. First, the ALJ expressly accepted Dr. Anderson's opinion to the extent it provided that Parton would be unable to work as a truck driver because of his seizure disorder. *Tr. 30*. The ALJ rejected, however, Dr. Anderson's opinion that Parton would

be incapable of performing any and all work. The Court concludes that the ALJ offered clear and convincing reasons for doing so.

First, the ALJ rejected Dr. Anderson's opinion, to the extent he concluded that Parton would be unable to perform any work at all, because it was speculative. *Id*. The ALJ properly noted that Dr. Anderson was incapable of predicting the future course of Parton's condition. *Id*. An "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Commissioner of Social Security*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas*, 278 F.3d at 957). Also, the Court notes that Dr. Anderson's conclusion that Parton was incapable of any work activity was actually not a medical opinion at all but, rather, was an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Thus, the ALJ was not required to accept it.

Second, the ALJ recognized Dr. Anderson's opinion that Parton's functioning was limited because of daily sharp and throbbing headaches associated with photosensitivity and visual disturbances and

his belief that this could interfere with Parton's attention and concentration. The ALJ noted, however, that this opinion was inconsistent with Dr. Anderson's own treatment records. The ALJ observed that Dr. Anderson's treatment notes made no mention of Parton suffering from severe headaches, photosensitivity, or visual disturbances. Because Dr. Anderson's opinion lacked support even in his own treatment notes, the ALJ did not err in rejecting it. *Bray*, 554 F.3d at 1228.

Third, the ALJ observed that Dr. Anderson attributed to Parton fairly severe symptoms. He also observed, however, that no evidence suggests that Dr. Anderson referred Parton back to Dr. Quenemoen or to any other specialist for treatment or evaluation of such severe symptoms. See, e.g., *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (lack of treatment may be considered in credibility determination).

Finally, it is beyond dispute that Parton has the severe impairment of seizures and a history of syncope. The ALJ expressly acknowledged these impairments and, as noted, determined that they

prevent Parton from operating a motor vehicle, thus preventing him from pursuing his past relevant work as a truck driver. The ALJ expressly acknowledged these impairments and, in doing so, considered the medical evidence of record that demonstrates these impairments. *Tr. 28*. But "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citation omitted). As noted, the ALJ carefully reviewed and summarized Parton's medical records. *Tr. 28-30*. The records do not indicate, however, a sustained severe loss of function that necessarily would render Parton incapable of engaging in any substantial gainful activity. Rather, they indicate that Parton has certain conditions and limitations, the existence of which the ALJ expressly acknowledged. *Tr. 26* (noting Parton's severe impairments). The ALJ did not err.

### C. <u>ALJ's Assessment of Parton's Credibility</u>

In challenging the ALJ's assessment of his credibility, Parton argues that the ALJ's proffered three reasons for finding Parton not fully credible are "neither legally nor logically well founded." *Dkt. 17 at 5-8*. Specifically, Parton argues that: (1) the ALJ's conclusion that the

medical records do not support Parton's claimed limitations is incorrect, *id. at 6-7*; (2) the ALJ's conclusion that Parton lacks the motivation to do any work other than truck driving is "baseless" and "seems arbitrary", *id. at 7*; and (3) the ALJ's conclusion that Parton's daily activities are inconsistent with a claim of total disability is incorrect, *id. at 7-8*.

In *Molina v. Astrue*, the Ninth Circuit recently restated the long-standing standard for assessing a claimant's credibility as follows:

> In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms. At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A). In evaluating the claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation. For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and whether the claimant engages in daily

>activities inconsistent with the alleged symptoms. While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.

674 F.3d 1104, 1112-13 (9th Cir. 2012) (citations and internal quotations omitted).

Here, the ALJ found objective medical evidence of underlying impairments that could reasonably be expected to produce the symptoms alleged. Also, the ALJ did not find that Parton was malingering. Thus, to find that Parton was not entirely credible, the ALJ had to give specific, clear, and convincing reasons. The Court concludes that he did.

First, the ALJ found Parton credible to the extent that he alleged some limitation in his ability to perform work activity. *Tr. 26, 29.* He, therefore, reduced Parton's RFC accordingly to accommodate those limitations. *Tr. at 27-30.* Thus, the ALJ did not entirely reject Parton's allegations. Rather, the ALJ was careful to parse out those allegations

that he found credible from those that he found not credible, as he was required to do. And, the ALJ gave the following specific, clear, and convincing reasons for rejecting other portions of Parton's allegations and making his credibility determination.

First, the ALJ noted that Parton's claims of an inability to walk or read, photosensitivity, and memory loss were unsupported by the medical record. *Tr. 29.* The record reflects, and Parton acknowledges in his brief, that none of these symptoms were reported in Parton's health care providers' contemporaneous treatment notes. *Dkt. 17 at 6.* An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004). Although Parton argues that the ALJ erred in not accepting a subsequent 2010 note by Dr. Anderson in which he acknowledges that Parton claims these alleged symptoms, it was not error for the ALJ to decline to accept them. The ALJ, employing ordinary credibility evaluation techniques, could properly discount this evidence when it lacked support in Dr. Anderson's own notes created contemporaneously

with his treatment of Parton. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (setting forth what an ALJ may consider in determining a claimant's credibility); *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989).

Second, the ALJ noted that Parton "has limited motivation to look for other work despite knowing he may not be able to return to his past work as a truck driver." *Tr. 29*. Parton describes this conclusion as "simply baseless." *Dkt. 17 at 7*. But Parton overlooks certain evidence of record. In reaching this conclusion, the ALJ was relying on Parton's own statement to Dr. Anderson, who noted that Parton, during an examination, indicated to Dr. Anderson that "he does not feel motivated to do anything and, having been taken away from driving which was his profession, he feels kind of aimless. … He is only sitting around and watching TV and doing puzzles, and he feels a little guilty because he cannot work." *Tr. 288*. The ALJ did not err in mentioning Parton's self-reported lack of motivation as a basis for his credibility determination. Parton is impermissibly urging the Court to reweigh the evidence, and to arrive at a conclusion different from that of the

ALJ. The Court is not permitted to do so. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

Third, the ALJ noted evidence of Parton's daily activities in finding Parton's claimed limitations inconsistent with his RFC. *Tr. 29.* The ALJ noted that Parton reported that he:

> was able to care for his grooming and hygiene. He was able to read the newspaper, watch television, do light chores, fix small meals, do the laundry, go grocery shopping and visit friends. He also indicated he was able to pay bills, count change, and handle a checking and savings account.

*Id.* The ALJ was permitted to base his adverse credibility determination, in part, on evidence of Parton's daily activities if those activities are inconsistent with his claim of total disability. *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010).

In sum, the Court concludes that the ALJ gave specific, clear, and convincing reasons for finding that Parton was not credible with respect to allegations that he is incapable of all work activity. Thus, the ALJ did not err.

## VII. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Parton's summary

judgment motion (*Dkt. 15*) is DENIED, the Commissioner's summary judgment motion (*Dkt. 20*) is GRANTED, and the Commissioner's decision denying DIB and SSI is AFFIRMED.

The Clerk of Court shall enter Judgment accordingly.

DATED this 31st day of January, 2013.

/s/ Carolyn S. Ostby  
United States Magistrate Judge